IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHERRON LANGEL**                                                                                                **PLAINTIFF**

v.                                         Case No. 4:17-cv-00496 KGB

**ARKANSAS FOUNDATION FOR**
**MEDICAL CARE,** *et al.*                                                                                **DEFENDANTS**

## ORDER

Before the Court is the bill of costs of separate defendant Arkansas Foundation for Medical Care ("AFMC") (Dkt. No. 76). Plaintiff Sherron Langel filed a response in opposition to defendant AFMC's bill of costs per Federal Rule of Civil Procedure 54 (Dkt. No. 80). For the reasons discussed below, the Court grants AFMC's bill of costs but reduces the amount of costs awarded.

**I.    Background**

Ms. Langel brought a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Dkt. No. 2). When she filed her *pro se* complaint, Ms. Langel also filed an application to proceed *in forma pauperis*, which the Court granted (Dkt. Nos. 1; 4; 5). After counsel entered an appearance on behalf of Ms. Langel, she filed an amended complaint alleging a race discrimination claim against AFMC pursuant to Title VII, a retaliation claim against AFMC pursuant to Title VII, a tort of assault and battery claim against separate defendant Tonisa Bourn and AFMC, and a failure to supervise claim against AFMC (Dkt. No. 20). Defendants moved for summary judgment and filed a statement of undisputed facts (Dkt. Nos. 38, 40). Ms. Langel filed her own statement of material facts, supplemental statement of materials facts, and response to defendants' statement of undisputed material facts (Dkt. Nos. 52, 57, 59).

On September 2, 2021, this Court entered an Order and Judgment granting summary judgment in favor of defendants AFMC and Ms. Bourn and dismissing with prejudice Ms. Langel's Title VII discrimination and retaliation claims (Dkt. No. 74, at 40).  The Court declined to exercise supplemental jurisdiction over Ms. Langel's remaining state law claims for assault and battery and negligent supervision and dismissed those claims without prejudice (*Id.*).

AFMC filed a bill of costs asking the Court to award it $1,554.80 in costs for deposition transcripts it paid for during litigation.  AFMC attaches to its bill of costs invoices indicating that the $1,554.80 it seeks represents $996.30 for the deposition transcript of Ms. Langel; $353.00 for copies of the deposition transcripts of Mindy Dunn and Matthew Martin with exhibits; and $205.50 for a copy of the deposition transcript of separate defendant Tonisa Bourn (Dkt. No. 76, at 3-5).

**II.     Discussion**

Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure.  *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).  Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54.  "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (citations omitted).  Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "'Absent explicit statutory or contractual authorization to the contrary, federal district courts may tax as costs only those expenses listed in § 1920.'" *U.S. v. Mink*, 476 F.3d 558, 564 (8th Cir. 2007) (alteration omitted) (quoting *United States v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990)).

"[N]ot all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Pershern*, 834 F.2d at 140. "An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) (citing *Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 234-35 (1964); *Kropp v. Ziebarth,* 601 F.2d 1348, 1358 (8th Cir. 1979); *Boyd v. Ozark Air Lines, Inc.,* 568 F.2d 50, 55 (8th Cir. 1977)).

In response to AFMC's bill of costs, Ms. Langel argues that AFMC is not a prevailing party because its' success was only partial and nominal given that the Court declined to exercise supplemental jurisdiction over half of Ms. Langel's claims in her amended complaint dismissing without prejudice those claims (Dkt. No. 80, at 2-3). Ms. Langel also asserts that ordering each party to be responsible for their own costs is an "especially valid response to the instant motion because the movant, AFMC—a corporation with tens of millions of dollars in revenue and assets—

has claimed costs which are relatively insignificant, and other mitigating circumstances are also present." (*Id.*, at 3).

AFMC replies that nothing in the record supports what it characterizes as Ms. Langel's "inflammatory statement" that it is a corporation with tens of millions of dollars in revenue and assets (Dkt. No. 83, at 1-2). AFMC argues that, where there is no evidence to show that a party is unable to pay, that an award of costs to the prevailing party under Federal Rule of Civil Procedure 54 is appropriate (*Id.*, at 2). AFMC also argues that costs should be taxed in its' favor as the prevailing party in federal court because each of the four transcripts at issue was introduced as an exhibit and cited by it in its' motion for summary judgment, which led to the Court entering Judgment in its' favor as to Ms. Langel's federal claims (Dkt. No. 83, ¶ 7 (citing Dkt. Nos. 38-39, Exhibits 1-4)). AFMC maintains that it seeks only the limited expenditures required to defend itself from Ms. Langel's claims (*Id.*, ¶ 8)

Under Rule 54(d), costs "should be allowed to the prevailing party . . . ." Fed. R. Civ. P. 54(d). "What counts as prevailing for purposes of an award of costs is a question of law." *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). Typically, a prevailing party is one "in whose favor a judgment is rendered." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (citation omitted), *cert. denied*, 532 U.S. 921 (2001).

Here, the Court entered a Judgment dismissing with prejudice both of Ms. Langel's federal claims, but the Court declined to exercise supplemental jurisdiction over Ms. Langel's two remaining state law claims. In other words, AFMC did not prevail in this Court on the remaining state law claims. Accordingly, AFMC may be entitled to recover some of its costs against Ms. Langel for prevailing on some of its claims.

To determine whether to award the costs of a deposition, the "underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted). "[I]f the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude that they were necessarily obtained for use in the case." *Frazier v. IBP, Inc.*, No. C97-0023, 1999 WL 33655745, at *10 (N.D. Iowa Feb. 2, 1999), *aff'd by* 200 F.3d 1190 (8th Cir. 2000).

AFMC cited the depositions of Ms. Langel, Ms. Dunn and Mr. Martin, and Ms. Bourn in its statement of undisputed facts in support of its ultimately successful motion for summary judgment (*see e.g.*, Dkt. No. 40, ¶¶ 3, 28-30, 34, 35). The Court finds that these transcripts were therefore "necessarily obtained for use" in this case.

Here, Ms. Langel was granted permission by the Court to proceed *in forma pauperis* at the start of this litigation (Dkt. Nos. 1, 4, 5). The Court denied without prejudice Ms. Langel's motion to appoint counsel (Dkt. No. 5). Sometime after that, counsel entered an appearance and represented Ms. Langel during this litigation (Dkt. No. 15). The Court acknowledges that Ms. Langel does not affirmatively argue in her response that she is unable to pay an award of costs at this point, should the Court grant AFMC's motion. Instead, Ms. Langel argues only that AFMC has resources and should not recover costs. The Court takes notice of and considers these rulings and arguments when analyzing the pending motion.

Given all of these considerations, the Court grants an award of costs to AFMC but reduces that award from AFMC's initial request to account for AFMC's prevailing on only some of Ms. Langel's claims and to account for Ms. Langel's *in forma pauperis* status at the outset of this litigation. *See Greaser v. Mo. Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998) ("the district

court has substantial discretion in awarding costs to a prevailing party."); *Cross v. General Motors Corp.,* 721 F.2d 1152 (8th Cir. 1983) (affirming partial award of costs against plaintiff with limited financial resources); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason . . ."). The Court awards AFMC $388.70 in costs, which is one-fourth of its initial request for the reasons explained in this Order.

### III.   Conclusion

The Court grants AFMC's bill of costs and awards AFMC $388.70 in costs (Dkt. No. 76).

It is so ordered, this the 1st day of July, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge